No. 8189.

SUCCESSION OF S. O. RHEA.

An executor sold some property of the estate by order of court, and with the proceeds paid the first mortgage creditor, before filing an Account and Tableau of distribution and without authority from the court. The second mortgage creditor called for an Account and as, by the time that it was filed, the inscription of the first mortgage had perempted and the debt it secured was prescribed, he opposed the Account, on the ground that the payment made by the executor without authority was not valid, and that, at the time the Account was filed, the only time when payment could be made, his second mortgage had become the first by peremption of the latter and prescription of the debt.

*Held* that, inasmuch as by the fact of the judicial sale, the first mortgage had been transferred to the proceeds, no re-inscription was necessary; and that, though payment by executors without authority should be deprecated, as, in this instance, the first mortgage creditor was the party entitled to the proceeds of the sale, at the moment they were paid to him, the executor should be credited with the amount paid and could not be condemned to pay it twice; and that an executor is entitled to credit for an irregular payment, if made to the proper party, whether the opposition is made by the heirs or creditors.

APPEAL from the Sixteenth Judicial District Court, parish of East Feliciana. *T. A. Moore,* special judge.

24

*Stone & Brame* for Opponent and Appellant.

*J. G. Kilbourne* for Executor and Appellee :

First—The probate sale of succession property relieves the real estate of the mortgages created by the deceased, C. C. , and the rights of mortgagees attach to the proceeds of the sale in the hands of the executor. 8 An. 505 ; H. 150, No. 1 ; 13 An. 558 ; 24 An. 483.

Second—In this case the ranking mortgage was paid, whilst in full force, out of the proceeds of a probate sale of property, which had been decreed to be sold to pay his claim. See Records, p. 6.

Third—The payment liberated the estate from a valid claim that had been recognized by the court and ordered to be paid. The executor did nothing more than he could have been forced to do or more than the court had decreed. 11 An. 74.

Fourth—Though a party have no authority to receive the funds of an estate or pay its debts, yet, if the funds have been applied as the law would have directed, the heir would be bound by such payment, and the party paying is entitled to a credit. 4 An. 74 ; 7 R. 46.

Fifth—A creditor has no cause of complaint against an executor for an act that causes him no injury.

The opinion of the Court was delivered by

Todd, J. The facts out of which the controversy has grown in this case are substantially these:

On the 8th November, 1866, S. O. Rhea executed a special mortgage in favor of D. R. Carroll & Co. for $3211 82, which was duly recorded in the parish of East Feliciana, where the property mortgaged was situated.

On the 7th of June, 1869, Rhea mortgaged the same property to W. R. McKowen for $1712 83.

Rhea died in said parish in the year 1872, and D. C. Hardee was confirmed as testamentary executor of his estate.

On the 3rd February, 1873, judgment was rendered in favor of D. R. Carroll & Co. for the amount of their debt, with a recognition of their special mortgage, and ordering the sale of the mortgaged property to pay the same.

On the 21st of February, 1873, and 18th March following, the entire property subject to this mortgage and the mortgage in favor of Mc-Kowen, was sold at two offerings, on the respective days mentioned, on the application of the executor, and the proceeds of sale paid into his hands.

On the 1st of April, 1873, the executor paid over the proceeds of this sale, $5680, first to satisfy the vendor's privilege on the property, outranking all the mortgages as conceded, and the balance was applied to the *payment* of the mortgage debt of D. R. Carroll & Co.

On the 6th of October, 1875, McKowen, whose debt had been acknowledged by the executor, took a rule on him to file an account of his administration, which account was filed, but not until the 20th December, 1878.

The account showed the sale of the property in question and the exhaustion of the funds derived therefrom by the payments made at the date mentioned; of the vendor's privilege on the land, and the special mortgage in favor of D. R. Carroll & Co., mentioned above.

McKowen opposed the account, alleging that the mortgage in favor of Carroll & Co. had perempted for want of reinscription, and the debt prescribed, and by reason thereof he, McKowen, by virtue of his mortgage, was entitled to be paid by preference out of the proceeds of the property.

There was judgment dismissing the opposition and homologating the account, from which judgment McKowen has appealed.

The appellant claims the reversal of the judgment, on the ground that the executor had no authority to pay the debt of Carroll & Co. without an order of the court, and in the absence of any tableau filed and judgment distributing the funds, prior to and warranting such payment; and that the rights of the creditors are to be determined solely with reference to the account or tableau filed by the executor and the date of the same, the succession being insolvent. And the legal question thus presented is the only one for our solution.

At the time of the payment to D. R. Carroll & Co., on the 1st of April, 1873, neither the debt was prescribed nor the mortgage perempted. When the mortgaged property was sold and the price paid to the executor, all the mortgages thereon were extinguished by the sale, and the rights of the creditors transferred to the proceeds; and there was after that no necessary nor legal object to be subserved by reinscribing the mortgages. Shepherd vs. Cotton Press, 2 An. 110; Suc. Dejean, 8 An. 505; Suc. Ynogoso, 13 An. 559.

And after such event no illegal act or negligence on the part of the executor not approved or ratified expressly or tacitly by a creditor, could affect the rights of such creditor. D. R. Carroll & Co., under their prior mortgage, had a right on the proceeds of the sale in question superior to McKowen, the junior mortgagee, and were entitled to demand payment from the executor in preference to him. If the executor paid the creditor having the better claim to the funds, of course the creditor having an inferior claim or privilege could not recover the amount thus paid from the creditor who outranked him; nor could the mere fact that the executor paid it irregularly and without an order of court, entitle the junior mortgagee to recover from the executor what he had no right to receive from the estate, for the reason that the act of the executor in making the payment, though unwarranted, caused him no loss or injury. An executor or administrator has no right, unless in exceptional cases, to pay a debt of a succession without an order of court, rendered according to

law. If he does so, he assumes the burden of showing that the payment was made in strict accordance with the rights of the creditor receiving it, and without prejudice to the claims of other creditors or the heirs; but though such acts may evince a disregard of the legal provisions regulating the duties of such fiduciary officers, there is no law imposing a penalty on an executor or administrator of paying a debt twice on account of such irregularity, where he is able to show that the payment made was correct, and such as the court would have directed as in strict accord with the rights of the creditor. 3 L. 523; 11 R. 78; 2 An. 30; 4 An. 74; 11 An. 74. And this rule is applicable whether the irregular payment be opposed by heirs or creditors. Such departures, however, from the plain provisions of the law regulating the administration of successions and prescribing the duties of executors and administrators, are to be deprecated, since they often produce unnecessary delay, expense and vexatious litigation, and at the same time entail losses on such fiduciaries, who are legally liable for and should be compelled to indemnify creditors' and heirs for all damages suffered from their illegal acts in this respect.

We see no error in the judgment appealed from, and it is, therefore, affirmed with costs.